# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN P. PIRKKALA,
        Appellant,

        v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
AT-0752-15-0454-M-1

DATE: April 26, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven P. Pirkkala, Pembroke Pines, Florida, pro se.

Gail Elkins, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      This case is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit to consider whether medical evidence that the appellant submitted before the administrative judge established good cause for his delay in filing an appeal of his removal. As discussed below, we have carefully

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

considered the appellant's medical evidence and find that it is not sufficient to establish good cause for his delay in filing.

## BACKGROUND

¶2    On March 27, 2015, six years after the March 27, 2009 effective date of his removal from his position with the agency's Bureau of Prisons, the appellant filed a Board appeal challenging his removal. *Pirkkala v. Department of Justice*, MSPB Docket No. AT-0752-15-0454-I-1, Initial Appeal File (IAF), Tab 1, Tab 10 at 123-27. The administrative judge issued an order notifying the appellant that his appeal appeared to be untimely filed and directing the appellant to submit evidence and argument establishing that good cause existed for his filing delay. IAF, Tab 6. Thereafter, among other filings, the appellant submitted a considerable volume of medical evidence, which indicated that, at various points during the 5-year time period between February 11, 2009, and February 12, 2015, he received treatment for shoulder conditions, depression, anxiety, and post-traumatic stress disorder (PTSD). IAF, Tab 14 at 15-206.

¶3    The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without addressing whether the appeal was timely filed. IAF, Tab 15, Initial Decision. The appellant filed a petition for review of the initial decision. *Pirkkala v. Department of Justice*, MSPB Docket No. AT-0752-15-0454-I-1, Petition for Review (PFR) File, Tab 3. On review, the Board afforded the appellant a second opportunity to submit evidence and argument on the issue of the timeliness of his appeal. PFR File, Tab 7. Specifically, the Board provided the appellant an opportunity to submit evidence covering the period from April 26, 2009, through March 27, 2015, the time period of his delay in filing. *Id.* The Board informed the appellant of his burden to show good cause for the delay in filing, including his burden if he was asserting that a medical condition might have affected his ability to timely file. *Id.* at 2-3. In response, among other things, the appellant submitted medical evidence, PFR File, Tabs 9,

11, 14, including a September 12, 2012 letter from a psychiatrist, which stated that he began treating the appellant for extreme anxiety and depression on August 10, 2010, PFR File, Tab 11 at 8.

¶4    The Board found that it had jurisdiction over the appeal (thus reversing the administrative judge's decision on this issue), but dismissed the appeal as untimely filed without good cause shown for the delay. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶¶ 5-24 (2016). The Board found that the appellant's appeal was untimely filed by nearly 6 years; that the appellant established good cause for the filing delay for the majority of that time; but that he failed to demonstrate good cause for his filing delay during the 7-month period between August 27, 2009, and March 27, 2010. *Id*., ¶¶ 14-24. Citing a September 12, 2012 letter from the appellant's psychiatrist, the Board found that the appellant began treatment for extreme anxiety and depression on August 10, 2010, and that the appellant failed to show that these conditions affected his ability to file a Board appeal prior to that date. *Id.*, ¶¶ 21-22; PFR File, Tab 11 at 8. Finally, the Board found that the appellant did not "equate" his extreme anxiety and depression with his PTSD, which in any event, was under control based on evidence that he submitted in a previous disability retirement appeal before the Board. *Pirkkala*, 123 M.S.P.R. 288, ¶¶ 21-22.

¶5    The appellant filed a petition for review with the U.S. Court of Appeals for the Federal Circuit. Notice of Appeal, *Pirkkala v. Merit Systems Protection Board*, No. 2016-2117 (Fed. Cir. Apr. 6, 2017). In his brief before the court, among other things, the appellant argued that the Board failed to consider medical evidence that he submitted before the administrative judge, reflecting that on several occasions between December 7, 2009, and February 9, 2010, the appellant was treated for depression and PTSD at a Veterans Affairs Medical Center (VAMC). Corrected Brief for Petitioner at 5-6, 11, 21-23, *Pirkkala*, No. 2016-2117, 2016 WL 4542151, at *5-*6, *11, *21-*23. After reviewing the record, the Board agreed that it both erred in failing to consider this evidence, and

in finding that the record reflected that the appellant did not begin treatment for extreme depression until August 10, 2010. Respondent's Unopposed Motion to Vacate Decision in Part and for Remand at 5-6, *Pirkkala*, No. 2016-2117. For this reason, the Board requested that the court remand the case to the Board to make further findings regarding the timeliness issue, including, but not limited to, whether the appellant established that his ability to file his Board appeal was impaired by illnesses or medical conditions during the 7-month time period between August 27, 2009, and March 27, 2010. *Id.*

¶6 The court granted the Board's motion and remanded this matter to the Board for further proceedings. *Pirkkala v. Merit Systems Protection Board*, No. 2016-2117 (Fed. Cir. Apr. 6, 2017). On remand, we have focused on the evidence relevant to the time period from August 27, 2009, to March 27, 2010, identified in the Board's motion to the court.[2] Respondent's Unopposed Motion to Vacate Decision in Part and for Remand at 5-6, *Pirkkala*, No. 2016-2117.

## ANALYSIS

¶7 As noted, the agency removed the appellant effective March 27, 2009. IAF, Tab 10 at 123-27. He filed a grievance of the removal, which was ultimately resolved on August 27, 2009, when an arbitrator declined to act on it because the appellant's union would not represent the appellant. IAF, Tab 11 at 10. The Board previously found good cause for the appellant's failure to appeal his

---

[2] On November 17, 2017, the appellant filed a pleading in which he sought confirmation that his appeal was still pending a decision on remand from the Federal Circuit and requested to submit a November 7, 2017 summary of benefits from the Department of Veterans Affairs. *Pirkkala v. Department of Justice*, MSPB Docket No. AT-0752-15-0454-M-1, Court Remand File, Tab 2. Even if the evidence the appellant has submitted is new, it is not relevant to the time period at issue and is not otherwise material to the outcome of this appeal. *Id.* at 4; *see* 5 C.F.R. § 1201.114(k) (providing that, once the record closes on review, no additional evidence will be accepted unless it is new and material and was not readily available before the record closed). Accordingly, the appellant's request is denied.

removal between April 27[3] and August 27, 2009, because the appellant was pursuing a grievance of his removal. *Pirkkala*, 123 M.S.P.R. 288, ¶ 15.

¶8   At some point prior to March 27, 2010, the appellant applied for disability retirement benefits with the Office of Personnel Management (OPM) on the basis of his shoulder injury and PTSD.[4] *Pirkkala v. Office of Personnel Management*, MSPB Docket No. AT-844E-12-0029-I-3, Final Order, ¶ 2 (Feb. 20, 2015). The Board accepted the appellant's assertion that he believed that his disability retirement application also constituted an appeal of his removal, finding the assertion supported by the fact that OPM based its denial of disability retirement benefits on his removal for cause and by the medical evidence showing that his anxiety and depression may have interfered with his ability to deal with more than one case at a time. *See Pirkkala*, 123 M.S.P.R. 288, ¶¶ 17-18. Thus, the Board found that the appellant's potential confusion caused by the OPM appeal established good cause for the period after March 27, 2010. *Id.*, ¶¶ 22-23. Therefore, the critical time period to determine whether the appellant's appeal of his removal was timely filed is the 7-month period between August 27, 2009, when the arbitrator declined to act on the appellant's challenge of his removal,

---

[3] The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The agency effected the removal on March 27, 2009. IAF, Tab 10 at 23. To be timely, the appellant must have filed his appeal by April 27, 2009.

[4] The records in the appellant's appeals do not establish the exact date that he applied for disability retirement benefits. OPM's regulations provide that an application for disability retirement must be filed within 1 year of an employee's separation. 5 C.F.R. § 831.1204(a). Thus, the application must have been filed by March 27, 2010, a year after the appellant's removal. IAF, Tab 10 at 123. The appellant acknowledges that he did not file his application for disability retirement for "many months after the grievance and August 2009 unfair Arbitration denial." PFR File, Tab 10 at 7.

and March 27, 2010, the last day on which the appellant could have filed for disability retirement benefits with OPM.[5]

¶9    The Board will waive the time limit for filing an appeal if the appellant has shown good cause for the filing delay. 5 C.F.R. § 1201.22(c); *see Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 6 (2012). The burden is on the appellant to demonstrate excusable delay. 5 C.F.R. § 1201.56(b)(2)(i)(B); *see Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). In determining if an appellant has shown good cause, the Board considers the length of the delay, the reasonableness of the appellant's excuse and any showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file. *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 13 (2009); *see Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). To establish that an untimely filing was the result of health issues, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Miller*, 112 M.S.P.R. 689, ¶ 13; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). As noted, the appellant was advised of these criteria in the Board's show cause order. PFR File, Tab 7.

---

[5] The appellant appealed OPM's denial of his application for disability retirement benefits based on the fact that his former employing agency removed him for misconduct. *Pirkkala*, MSPB Docket No. AT-844E-12-0029-I-3, Final Order, ¶ 2. The Board reversed OPM's decision and awarded the appellant disability retirement benefits, noting the removal for cause but finding that his shoulder condition was inconsistent with the requirements of his work environment in a prison. *Id.*, ¶¶ 5, 14. However, the appellant's shoulder condition is not an issue in determining whether he established good cause for untimely filing an appeal of his removal.

¶10     The medical evidence submitted by the appellant to the administrative judge established that his treatment for depression began at a VAMC on December 7, 2009.  IAF, Tab 14 at 200.  The psychiatrist's notes of that appointment reflect that the appellant reported depressed mood, loss of motivation and interest, low concentration, and trouble sleeping.[6]  *Id*. at 201.  According to the notes, the appellant "was never seen by a VAMC psychiatrist in the past [and] had been under the care of a private psychiatrist Dr. F.S. since less than a year ago."  *Id*.  The appointment notes also state that Dr. F.S. "prescribed Pexeva and Clonazepam to treat symptoms of depression and PTSD, however [the appellant] ran out of them because he lost his insurance."  *Id.*  The notes record the appellant's score on a test for depression as indicative of severe depression.  *Id.* at 204.  The patient notes for subsequent psychiatric visits to the VAMC through March 31, 2010, observe that the appellant continued to suffer from depression; although the notes from a February 9, 2010 appointment reflect that, while the appellant continued to feel depressed, he "feels good" when he took Citalopram, the medication he had been prescribed, although it also made him tired.  *Id.* at 188-89.

¶11     As noted, the appellant commenced treatment at the VAMC on December 7, 2009, and at some point prior to that was under the treatment of Dr. F.S.  *Id.* at 200-01.  There is no evidence in the record regarding precisely when the appellant saw Dr. F.S., his assessment of the appellant's condition, or the extent to which it was controlled by treatment and medication, although the notes generated by the VAMC psychiatrist show that Dr. F.S. prescribed medication to

---

[6] The VAMC medical records also mention that the appellant suffers from PTSD.  IAF, Tab 14 at 203.  The psychiatrist noted that, as of December 7. 2009, the appellant already was receiving needed treatment for that condition.  *Id.*  The psychiatrist's statement is consistent with and supports the Board's finding in the appellant's removal appeal that his PTSD was under control.  *See Pirkkala*, 123 M.S.P.R. 288, ¶ 17.  Thus, it is not a significant factor in determining the existence of good cause in this appeal, and in any event, there is no medical evidence specifically addressing the dispositive time period.

treat the appellant's depression. *Id.* at 201. The record does reflect, however, that between March and August 2009, the appellant pursued a grievance of his removal and, when the union decided not to represent him at arbitration, he filed an unfair labor practice complaint against the union with the Federal Labor Relations Authority.[7] IAF, Tab 10 at 118, Tab 11 at 5-7, 11-12; PFR File, Tab 11 at 4-5.

¶12     As set forth above, to establish good cause for an untimely filing based on a medical condition, an appellant must, among other things, submit medical evidence showing that he suffered from the condition during that time period in question. *Miller*, 112 M.S.P.R. 689, ¶ 13; *Lacy*, 78 M.S.P.R. at 437. Here, the evidence shows that the appellant suffered from significant depression in December 2009 and was previously treated for depression, but there is no medical evidence addressing the period from August 27, 2009, when the arbitrator informed the appellant that he would not hear his case, and December 7, 2009, when the appellant began treatment with VAMC. Moreover, as discussed above, immediately prior to the arbitrator's withdrawal from the appellant's case, the appellant engaged in litigation. There is no explanation in the record why the appellant was capable of pursuing his rights in those ways but soon thereafter was incapable of filing a Board appeal. Thus, after reviewing all of the evidence, we find that the appellant has failed to show that his medical condition prevented him from appealing his removal between August and December 2009. *See Lacy*, 78 M.S.P.R. at 437. We find that the appellant has not presented evidence of the existence of circumstances beyond his control that affected his ability to file or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to file his Board appeal for the 3-month period of time between

---

[7] In a settlement agreement before the Federal Labor Relations Authority, the union agreed to a posting that it would refrain from informing bargaining unit employees who were not members of the union that it would not take their grievances to arbitration. IAF, Tab 13 at 9.

August and December 2009. Moreover, the medical evidence from February 9, 2010, indicates that the appellant "feels good" when taking antidepressant medication and he has not explained why he could not file his appeal during that time. IAF, Tab 14 at 189.

¶13    In sum, we find that the appellant's filing delay was significant and he has not shown good cause for the delay. *Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month delay "significant"), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008); *Alvarado v. Defense Commissary Agency*, 88 M.S.P.R. 46, ¶¶ 4-5 (2001) (concluding that a 2–month delay in filing an appeal was significant). Thus, we dismiss the appeal as untimely filed without good cause shown for the delay.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.